UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MEGHAN KONECNE and HOWARD MISLE, individually and as husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED VAN LINES, INC., a foreign corporation, and BERGER TRANSFER & STORAGE, INC., a foreign corporation,<br><br>Defendants. | Case No. 2:16-cv-01655-APG-GWF<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(ECF No. 10) |

Plaintiffs Meghan Konecne and Howard Misle contracted with defendant Allied Van Lines, Inc. and its registered agent, defendant Berger Transfer & Storage, Inc., to move their household goods from California to Nevada. Things did not go well. The plaintiffs now bring a federal statutory claim based on damages to the goods in transit and state common law claims based on damages to a staircase in their California home. The defendants move to dismiss the state law claims, contending that they are preempted by federal law that broadly governs the shipper-carrier relationship. The defendants also argue that the same federal law permits claims against only the "disclosed principal carrier," here Allied, and so they move to dismiss defendant Berger.

The defendants are correct on both counts. The Carmack Amendment to the Interstate Commerce Commission Act exclusively governs liability for interstate carriers. *See Arnell v. Mayflower Transit, Inc.*, 968 F. Supp. 521, 523–24 (D. Nev. 1997) ("[V]irtually every case addressing the issue has held that anything other than complete preemption of state law claims is contrary to the very purpose of the Carmack Amendment, which was to establish uniform rules of liability for interstate carriers."). The plaintiffs respond that their staircase is real property that

was not and cannot be "in transit," so therefore Carmack Amendment preemption does not bar claims about the staircase.  But the Ninth Circuit's most recent statement on the scope of the law's preemptive effect, as well as an Eastern District of California case with virtually the same facts, hold otherwise.  In *Hall v. North American Van Lines, Inc.*, the Ninth Circuit held that Carmack Amendment preemption applied to the plaintiff's common law fraud and conversion claims, "even though [her] claims arise from events other than the loss or damage to her property.  It is well settled that the Carmack Amendment constitutes a complete defense to common law claims alleging all manner of harms." 476 F.3d 682, 689 (9th Cir. 2007).  And in *Waller v. Gary and Koby Transp. Inc.*, the district judge held common law claims for damages, "including $3,600 in damages to the flooring at Plaintiff's house," were preempted. Case No. 1:08CV00725 AWI GSA, 2008 WL 4224722, at *6 (E.D. Cal. Sept. 15, 2008), *report and recommendation adopted sub nom. Waller v. Gary and Koby Transp., Inc.*, No. 1:08CV00725 AWI GSA, 2008 WL 4659803 (E.D. Cal. Oct. 21, 2008).

The plaintiffs' sole ground for maintaining Berger as a defendant is that the federal bar against suing registered agents does not apply to the state claims.  Because I dismiss the state claims, Berger must be dismissed. *See Nichols v. Mayflower Transit, LLC*, 368 F. Supp. 2d 1104, 1106–07 (D. Nev. 2003) ("Not only does the statutory language impose liability on a motor carrier for the acts and omissions of the carrier's agent, but case law holds that the agent of a disclosed principal cannot be held liable pursuant to a duly issued bill of lading contract.").

I therefore dismiss the state law claims for negligence, trespass to chattels, and conversion.  I also dismiss all claims against defendant Berger.  All that remains is the federal claim under the Carmack Amendment against defendant Allied.  Because the first amended complaint includes only damage to the transported goods under its Carmack Amendment cause of action, the plaintiffs must file a second amended complaint if they wish to also recover for the staircase damage.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **(ECF No. 10) is GRANTED.**  If the plaintiffs wish to pursue recovery for the alleged damage to their staircase

under the Carmack Amendment, they must file a second amended complaint within 21 days of entry of this order.

DATED this 20th day of March, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE