# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MEGHAN KONECNE and HOWARD MISLE, )
)
        Plaintiffs, )    Case No. 2:16-cv-01655-APG-GWF
)
vs. )    **ORDER**
)
ALLIED VAN LINES, INC., *et al.*, )
)
        Defendants. )
_____)

      This matter is before the Court on Plaintiffs' Renewed Motion to Reopen Discovery (ECF No. 64), filed on October 4, 2017. Defendant filed a Response (ECF No. 65) on October 18, 2017 and Plaintiffs filed a Reply (ECF No. 65) on October 25, 2017. Also before the Court is Defendant's Motion for Sanctions (ECF No. 50), filed on August 4, 2017. Plaintiffs filed an Opposition (ECF No. 56) on August 9, 2017.

## BACKGROUND

      The instant motion is Plaintiffs' third attempt to have discovery reopened in this case. Plaintiffs initially brought a motion to reopen discovery on June 9, 2017. *See* ECF No. 31. The Court denied Plaintiffs' motion on July 7, 2017. *Minutes of Proceedings* (ECF No. 36). Thereafter, Plaintiffs filed a Motion to Reconsider (ECF No. 39), an Objection (ECF No. 40) and a Motion for Relief Under FRCP 60(b) (ECF No. 51). Defendant simultaneously filed a Motion for Sanctions (ECF No. 50) based on Plaintiffs' filings. The Court held a hearing on August 10, 2017 on Plaintiffs' motion for reconsideration and motion for relief under FRCP 60(b) and denied both without prejudice on the record. *See Minutes of Proceedings* (ECF No. 57). The Court also held Defendant's motion

for sanctions in abeyance until the District Judge ruled on Plaintiffs' objection.[1] The Court, however, also allowed Plaintiffs to conduct limited discovery as to whether Plaintiffs' prior counsel, Eric Dobberstein, did in fact communicate his withdrawal. *Id*. Plaintiffs conducted a deposition of Mr. Dobberstein on September 27, 2017 and based on his testimony, bring this renewed motion to reopen discovery for a period of sixty (60) days. *See Renewed Motion to Reopen Discovery* (ECF No. 64), Exhibit 4.

Plaintiffs renewed motion to reopen discovery argues that their failure to participate in discovery was the result of excusable neglect, to wit: Plaintiffs were unaware that their prior counsel had withdrawn from this case and incorrectly believed that he was still representing their interests. *See id*. Plaintiffs' rely on the fact that all correspondence sent to them, either by Mr. Dobberstein or the Court, was addressed to the wrong address— "Quintersa"Circle instead of "Quintessa" Circle. Plaintiffs also assert that they had several conversations and electronic communications with Mr. Dobberstein and his office after he had withdrawn from the case and state that they were never advised of his withdrawal. Therefore they believed he was still litigating this case on their behalf. Defendant argues that Plaintiffs have not met their burden to justify reopening discovery. Defendant argues that the Court should decline to reopen discovery based on the following: (1) there is no record of returned mail on the Court's docket; (2) there is no record of returned mail in Mr. Dobberstein's file; (3) according to the Clark County Assessor's website there are no street names with the names "Quintersa," "Quintera," or "Quintesa"; and (4) Mr. Dobberstein sent copies of his attorney's lien to the "Quintersa" address via certified mail return receipt, which were signed receipt on June 5, 2017. *See Response* (ECF No. 65). In their reply, Plaintiffs argue that the Court cannot assume proper delivery of mail unless the mail is properly addressed, which it was not here. *Reply* (ECF No. 66), pg. 5.

. . .

. . .

---

[1] The District Judge denied Plaintiffs' Objection to this Court's denial of Plaintiff's first motion to reopen discovery. In so doing, the District Judge stated that "Judge Foley's decisions are not 'clearly erroneous or contrary to law.'" *Order* (ECF No. 62)

2

# DISCUSSION

## I. Plaintiffs' Renewed Motion to Reopen Discovery

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A party seeking to reopen discovery after the deadline has run must show excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); LR 6-1(b). For purposes of Rule 6(b), "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.' " *Committee v. Cost*, 92 F.3d 814, 824 (9th Cir. 1996) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993)). To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts apply a four-factor test examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir.2010); *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir.2000). The weighing of Pioneer's equitable factors is left to the discretion of the court. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir.2004).

On balance, application of the *Pioneer* factors weighs against a finding of excusable neglect. As to the first two factors, Plaintiffs moved to reopen discovery almost two months after the discovery cut-off (which was 9 months after the first responsive pleading rather than 6 months as prescribed by LR 26-1(b)(1)) and almost a month after Defendant filed its motion to dismiss. Allowing discovery to reopen would prejudice Defendant because it will be required to expend additional costs in an effort to essentially re-litigate and defend this case. According to Plaintiff, as it stands now, both parties have only served their initial disclosures.[2] If discovery was reopened, both sides would have to, *inter alia*, propound written discovery, take depositions, retain experts, and potentially litigate any discovery related issues which could extend the discovery period even longer.

---

[2] Defendant represents, however, that it sent written discovery requests directly to Plaintiffs that were never responded to. *See Response* (ECF No. 33), pg. 16.

The expenses incurred by Defendant would be substantial. Therefore, the first two factors weigh against Plaintiffs.

As to the third factor, Plaintiffs assert that their delay was the result of Mr. Dobberstein's failure to advise them that he had withdrawn from the case and because all correspondence to Plaintiffs was sent to the wrong address. Because the question of actual notice is hotly contested, the Court allowed Plaintiffs limited discovery to depose Mr. Dobberstein to determine if he communicated his withdrawal to Plaintiffs. However, Mr. Dobberstein's deposition testimony does not shed much light on the situation, despite Plaintiffs' arguments otherwise. In response to most of the questions asked regarding whether certain things were communicated with Plaintiffs, Mr. Dobberstein responded that he did not recall. *Renewed Motion* (ECF No. 64), Exhibit 4 (Deposition Transcript of Eric Dobberstein). This was due, understandably, to the fact that Mr. Dobberstein underwent open heart surgery in December 2016 and has since had difficulty with his memory. Mr. Dobberstein could not recall whether he telephonically, electronically or via regular mail communicated his withdrawal to Plaintiffs but stated that he "may have" and that he believed his office would have told Plaintiffs of the withdrawal sometime between September and December 2016. *Deposition Transcript*, pgs 13–15. Because Mr. Dobberstein could not point to a specific time that he communicated his withdrawal, Plaintiffs argue that there is no definitive evidence (just circumstantial) that they were made aware of the withdrawal or that they should have known about it. As a result, Plaintiffs assert that their dilatory conduct during discovery should be condoned.

The Court is not persuaded by this argument. Mr. Dobberstein withdrew in October 2016. The order granting Mr. Dobberstein's withdrawal was sent to Plaintiffs, albeit to incorrect street name, but was never returned as undeliverable.[3] Regardless of the notice from the Court, Plaintiffs were arguably put on notice that Mr. Dobberstein was no longer working on their case. There were several communications between Plaintiffs and Mr. Dobberstein regarding payment of attorney's fees, Mr. Dobberstein's potential withdrawal and the potential to retrieve Plaintiffs' file. There is

---

[3] Contrary to Plaintiffs' counsel's argument, it is the Court's practice to file a notice on the docket if mail is returned as undeliverable.

also no evidence that Mr. Dobberstein led Plaintiffs to believe that their case was still being prosecuted. To the contrary, in an email from Mr. Dobberstein's office manager Dona McCullough to Plaintiff Konecne, Ms. McCullough stated that "full payment is necessary to continue." *Renewed Motion* (ECF No. 64), Exhibit 3 pg. 6. Plaintiffs should have inferred from this email that nothing was going to be done on their case until payment was made—which it never was. Defendant also asserts that in February 2017, defense counsel spoke to Plaintiffs regarding their obligations to litigate this case and propounded written discovery directly to Plaintiffs. *Response* (ECF No. 33), pg. 16. Plaintiffs also had an attorney with Fennemore Craig, P.C. obtain an extension on their behalf in February 2017, which demonstrates that Plaintiffs knew that they needed a new attorney. *Id.* Moreover, notices of attorney's liens were sent to the "Quintersa" address via certified mail return receipt, for which a receipt was signed on June 5, 2017. Based on the totality of the circumstances, the Court finds that Plaintiffs knew or should have known that Mr. Dobberstein was no longer working on their case. Therefore, the third factor weighs against Plaintiffs.

As to the fourth factor, Plaintiffs argue that they acted diligently and in good faith once they became aware that Mr. Dobberstein had withdrawn. The Court does not agree. Eight months had passed from the time Mr. Dobberstein withdrew to the time Plaintiffs filed their first motion to reopen discovery. This extended time period, during which Plaintiffs had very minimal contact with Mr. Dobberstein and (according to the records produced) never asked about the status of their case, shows a lack of diligence by Plaintiffs. In addition, according to Plaintiffs' declarations, they began looking for alternative counsel in February 2017, yet did not actually retain new counsel until after Defendant filed a motion to dismiss—three months later. *See Renewed Motion* (ECF No. 64), Exhibit 1 at ¶¶ 14–15 and Exhibit 2 at ¶¶ 11–12. Thus, the Court finds that the fourth factor weighs against Plaintiffs.

Because the *Pioneer* factors weigh against a finding of excusable neglect, the Court will again deny Plaintiffs renewed request to reopen discovery.

**II.     Defendant's Motion for Sanctions**

Defendant requests that the Court impose sanctions on Plaintiffs for bringing their motion for reconsideration and objection to this Court's initial denial of Plaintiffs' motion to reopen discovery.

*See Motion* (ECF No. 50). The Court is not inclined to grant Defendant's request. While the Court is again denying Plaintiffs' request to reopen discovery, the Court does not find that the motion for reconsideration or the instant renewed motion were unreasonable or brought in bad faith. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Renewed Motion to Reopen Discovery (ECF No. 64) is **denied**.

**IT IS FURTHER ORDERED** that the dispositive motion deadline is **December 11, 2017**.

**IT IS FURTHER ORDERED** that the joint pretrial order deadline is **January 10, 2018**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions (ECF No 50) is **denied**.

DATED this 8th day of November, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge